

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2009

# El Shaer v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"El Shaer v. Atty Gen USA" (2009). *2009 Decisions.* Paper 810.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/810

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1964


BILAL ZUHDI EL SHAER

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A29-831-746)


Before: McKEE, HARDIMAN and GREENBERG, *Circuit Judges.*

Submitted pursuant to Third Circuit LAR 34.1(a)
June 2, 2009

(Opinion Filed:  August 17, 2009 )

OPINION

McKEE, *Circuit Judge*

Bilal Zudhi El Shaer petitions for review of a March 3, 2008, decision of the Board of

Immigration Appeals, affirming an Immigration Judge's order of removal.  The Immigration

Judge ruled that El Shaer is statutorily ineligible for a waiver of inadmissibility and ordered his

removal.  For the reasons that follow, we will deny the petition for review.

As we write primarily for the parties who are familiar with the factual and procedural

history of this case, we need not recite the facts or background of this dispute.

We must determine whether the BIA erred in ruling that El Shaer's charge of

removability under INA § 237(a)(3)(B)(iii), 8 U.S.C. § 1227(a)(3)(B)(iii), renders him statutorily ineligible for a waiver of inadmissibility under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). This is a question of law and our review is therefore *de novo*. *McNary v. Haitian Refugee Ctr. Inc.,* 498 U.S. 479, 493 (1991).

INA § 237(a)(1)(H), allows otherwise removable aliens to obtain a waiver of inadmissibility in certain limited circumstances. El Shaer obtained conditional resident status by entering into an admittedly fraudulent marriage. He was subsequently convicted of having engaged in marriage fraud for the purpose of adjusting his immigration status to lawful permanent resident. He now asserts that the crimes he pled guilty to should not disqualify him from being considered for a waiver of inadmissibility.

The IJ held that the waiver contained in § 237 (a)(1)(H) only applied to persons who were inadmissible pursuant to § 212(a)(6)(C)(i) of the INA, 8 U.S.C.§ 1182 (a)(6)(C)(i), and that this did not include El Shaer. The BIA affirmed, ruling that the IJ had correctly interpreted 237(a)(1)(H) and that El Shaer's guilty plea for violating 18 U.S.C. § 1546 made him ineligible for the waiver he was requesting because he had been convicted of a crime that was qualitatively different from those that are eligible for a waiver of inadmissibility. We agree. *See Matter of Jimenez-Santillano*, 21 I. & N. Dec. 567, 573 (BIA 1996) (discussing the predecessor statute).

Accordingly, we will deny his petition for review.